Jeremy Pasternak (CA SBN 181618)
jdp@pasternaklaw.com
Deanna L. Maxfield (CA SBN 291913)
dm@pasternaklaw.com
LAW OFFICES OF JEREMY PASTERNAK
445 Bush Street, Sixth Floor
San Francisco, CA 94108
Telephone: (415) 693-0300
Facsimile: (415) 693-0393

Attorneys for Plaintiff
GABRIEL DONOHOE

Jamie Chu (SBN 283070)
FEDERAL EXPRESS CORPORATION
2601 Main Street, Suite 340
Irvine, California 92614
Telephone: (949) 862-4629
Facsimile: (901) 492-5641
Email: jamie.chu@fedex.com

Brian K. Coleman (Admitted Pro Hac Vice)
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road, Bldg. B 3rd Floor
Memphis, Tennessee 38125
Telephone: (901) 434-8574
Facsimile: (901) 492-5641
Email: brian.coleman@fedex.com

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GABRIEL DONOHOE,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION, a Delaware Corporation; FEDERAL EXPRESS CORPORATION, a Delaware Corporation, dba FEDEX EXPRESS,<br><br>    Defendants. | Case No.: 3:18-cv-01266-RS<br><br>[*Removed from San Francisco County Superior Court, Case No. CGC-17-561805*]<br><br>**JOINT RULE 26(f) REPORT**<br><br>Complaint Filed: October 10, 2017<br>Removal Date: February 27, 2018<br>Trial Date: None |

Plaintiff Gabriel Donohoe ("Plaintiff") and Defendant Federal Express Corporation ("Defendant"), through their respective counsel, participated in a Rule 26(f) conference on July 12, 2018. The parties hereby provide the following discovery plan:

1. **Initial Disclosures.** Plaintiff will serve his initial discovery responses pursuant to the Court's General Order No. 71 by the date of the Case Management Conference. Defendant will serve his initial discovery responses pursuant to the Court's General Order No. 71, 30 days from the responsive pleading.

2. **Discovery Plan**. The parties propose the following discovery plan:

   (a) Plaintiff will require discovery on the following subjects:
   
   i. The events alleged in Plaintiff's complaint;
   
   ii. Defendants' records regarding Plaintiff's disability and Defendant's knowledge thereof;
   
   iii. Defendants' records regarding Plaintiff's need for and request for accommodation and Defendant's knowledge thereof;
   
   iv. Defendant's records and communications regarding its request for Plaintiff to release his private medical file;
   
   v. The facts and circumstances regarding Defendant's disciplinary action against Plaintiff during his employment;
   
   vi. The facts and circumstances regarding Defendant's termination of Plaintiff, including the reasons for such termination;
   
   vii. Plaintiff's wages earned working for Defendant and anticipated wage increases if his employment had continued;
   
   viii. Employment benefits available to Plaintiff if his employment had continued.
   
   (b) Defendants will require discovery on the following subjects:
   
   i. The events alleged in Plaintiff's complaint.
   
   ii. Plaintiff's alleged disability.
   
   iii. Plaintiff's alleged request for an accommodation.

   iv. Plaintiff's medical care by his treating physicians.

   v. Plaintiff's actions as defined by the Collective Bargaining Agreement.

(c) **Disclosure or discovery of electronically stored information**:

  i. The parties have taken all necessary steps to preserve electronic information from the time they first learned that litigation of this matter was likely.

  ii. The parties agree that ESI may be in the following formats: e-mail (html); video (mpeg); and document (pdf or doc). Further, to the extent that ESI discovery is sought, (a) the parties may submit all discovery responses in electronic format; and (b) prior to conducting any ESI discovery, the parties shall meet and confer on a list of custodians and search terms.

(d) **Confidentiality orders.** If either party believes it to be necessary, the parties agree that they will, in good faith, negotiate the terms of a protective order. To the extent such a protective order is sought, the parties acknowledge that any such protective order must include a clawback provision (pursuant to FRE 502) to address inadvertent disclosures of certain materials including privilege and other protected materials.

(e) **Dates for commencing and completing discovery.** The parties may begin propounding discovery after the initial exchange of discovery specified in General Order No. 71. The parties propose the following dates for completing discovery:

  i. Fact Discovery Cutoff    May 17, 2019

  ii. Expert disclosure deadline   June 4, 2019

  iii. Rebuttal Expert Disclosure deadline June 28, 2019

  iv. Expert Discovery Cut-off   July 19, 2019

The parties reserve the right to ask the Court to reopen discovery if they learn of the existence of new discoverable information at any time before trial.

(f) **Interrogatories**. The parties agree that they may each propound 25 interrogatories.

(g) **Requests for Admissions**. The parties agree that they may each propound unlimited requests for admissions.

(h) **Depositions**. The parties agree that they may each take up to 10 depositions.

(i) **Deposition length.** The parties may depose any individual witness for up to seven hours, not including breaks or meals.

(j) **Expert Witness Exchange**. The Parties propose to exchange expert witness reports, if any, no later than June 4, 2019.

(k) **Rule 26(e) Supplementation**. The parties will timely supplement any disclosures or written discovery responses if they learn that in some material respect the response is incomplete or incorrect. The parties will supplement initial disclosures no later than 30 days before trial to the extent that subsequent discovery responses have not fully done so.

3. **Other Items**:

**Trial Date.** The parties agree to a jury trial, beginning on October 15, 2019. The parties believe that they will need ten (10) court days for trial.

(a) The parties request a pretrial conference on September 27, 2019.

(b) The parties propose that the last date to hear dispositive motions be September 16, 2019.

(c) These dates are based on the earliest trial date agreeable to Defendant. Plaintiff is amenable to an earlier trial date with preceding dates and deadlines that are spaced similarly to those described herein.

DATED: July 12, 2018

By: s/ Brian Coleman
Brian Coleman
Attorney for Defendant
FEDERAL EXPRESS CORPORATION

| | | |
|---|---|---|
| 1 | DATED: July 12, 2018 | LAW OFFICES OF JEREMY PASTERNAK |
| 2 | | |
| 3 | | By: /s/ Deanna L. Maxfield |
| | | Jeremy Pasternak |
| 4 | | Deanna L. Maxfield |
| | | Attorneys for Plaintiff |
| 5 | | GABRIEL DONOHOE |

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I, the undersigned, hereby certify that I am over the age of 18 years, not a party to this action and my |
| 3 | business address is 445 Bush Street, 6th Floor, San Francisco, CA 94108. On July 12, 2018, I served the |
| 4 | following document(s): |
| 5 | JOINT RULE 26(f) REPORT |
| 6 | on the party/ies stated below by the following means of service: |
| 7 | ___ By First-Class Mail: I caused such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San Francisco, California, for |
| 8 | collection and mailing to the office of the addressee following ordinary business practices. |
| 9 | ___ By Personal Service: I caused each such envelope to be hand delivered by courier to the addressee(s) noted below: |
| 10 | |
| 11 | ___ By Overnight Courier: I caused each such envelope to be placed in a sealed package designated by Federal Express and depositing same in an overnight express receptacle maintained by Federal Express, located in San Francisco, California with delivery fees provided for, with instructions to |
| 12 | be hand delivered to the office of the addressee on the next business day. |
| 13 | ___ By Electronic Mail: Per the agreement of the parties. See email addresses below. |
| 14 | _X_ By CM/ECF Service: Document(s) delivered electronically via CM/ECF. |
| 15 | Addressee(s): |

Jamie Chu  jamie.chu@fedex.com
Amy Miller  amy.miller@fedex.com
Brian Coleman  brian.coleman@fedex.com
Carla Waller  carla.waller@fedex.com
Frederick Douglas  frederick.douglas@fedex.com
  jastumpf@fedex.com
Sheila Mattison  sheila.mattison@fedex.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on July 12, 2018.

　　　　　　　　　　　　　　　　　　　　/s/ Deanna L. Maxfield
　　　　　　　　　　　　　　　　　　　　Deanna L. Maxfield, Declarant